JUDITH A. PERRY, PLAINTIFF IN ERROR, v. MARY ASHBY, DEFENDANT IN ERROR.

1. **United States Homestead Act.** Where a settler on the public lands under the homestead act dies before the completion of the required residence, his widow, by completing the residence and cultivation so begun, is entitled to a patent for the land in her own right to the exclusion of the heirs of such settler.

2. ——: WIDOW MAY COMMUTE. Under section eight of said act, the widow may obtain the title before the completion of such residence, by making proof of settlement and cultivation as required of pre-emptors, and paying the minimum or graduated price.

3. ——: ——: HOLDS TITLE IN HER OWN RIGHT. In obtaining title under section eight, the widow forfeits no right, but holds the land divested of all claim of the heirs of the settler.

ERROR from the district court of Franklin county. The opinion states facts sufficient to an understanding of the case.

*Griggs & Ashby*, for plaintiff in error.

No brief on file.

*H. S. Kaley*, for defendant in error.

It must be conceded that the defendant, under the act of congress, was clearly entitled to the patent for the land in controversy, and that no condition attaches to it by force of congressional legislation — and if any trust attaches, it must be outside of the statute.

The patent, when legally obtained, is conclusive evidence of title in the patentee, and no state legislation or court can in any manner change its effect or transfer the title. *Gibson v. Chouteau*, 13 Wall., 100. *Johnson v. Towsley*, 13 Wall., 88.

Courts of equity can only change the effect of a patent when it is made to appear that the same was originally obtained by fraud or other undue means, against the party who has invoked its aid. They are powerless to attach to it mere conditions and trusts that are not made so by express legislation and that inheres in the patent. *Jarvis v. Hoffman*, 43 Cal., 314.

It is one of the fundamental principles of the common law that all devisable property is also descendible. Is not the converse of this proposition also true?

The interest of Ashby in the land was an inchoate one, and conclusively terminated in his death, and only by force of additional legislation the widow may become subrogated to all his rights and take the title in the same manner as he could have taken it had he lived.


LAKE, CH. J.

The defendant in error holds the land in controversy under the provisions of the act of congress entitled "an act to secure homesteads to actual settlers on the public domain," approved May 20, 1862.

The original entry through which her title was obtained was made on the 29th day of November,

1870, by her late husband, Samuel W. Ashby, who, it appears, up to the time of his death, which occurred on or about the 8th day of June, 1872, continued to live upon and cultivate the land, as the act requires.

After the death of her husband, the defendant continued to live upon the land until the 18th day of February, 1874, when she took the requisite steps to obtain the title in her own name, under section eight of said act.

It did not seem to be urged very seriously on the argument that Mrs. Ashby would not have acquired a perfect title to the land had she continued the occupancy and cultivation, begun by her husband, for the full term of five years from the date of the settlement, and made the proofs required by section two of said act. But it was urged, with seeming confidence, that, as the widow of Samuel W. Ashby, she could not proceed under section eight, and by paying the minimum price secure the title at once without the five years occupancy. It was insisted, that pursuing the course she did was, virtually, an abandonment of the benefits of the homestead act and a resort to the existing pre-emption act for her title.

With this position of counsel, we cannot agree. We do not think that Mrs. Ashby abandoned her rights under the homestead act. Section eight, under which she secured the patent before the completion of five years residence required by section two, does not remit a homestead claimant to the pre-emption act, but it simply refers to certain provisions of that act, and permits the homestead claimant to perfect his title at once by paying the minimum or graduated price, and making proof of *settlement* and *cultivation*, as is required of pre-emptors of public lands. It is only in respect to the proof of settlement and cultivation of the land that the pre-emption law must be observed. An examination of the oath required of a pre-emptor will show that it

includes very many things besides settlement and cultivation of the land, which, if required of many authorized settlers under the homestead act, they might not be able to take it.

For instance, a pre-emptor must swear that he " has never had the benefit of any right of pre-emption " under that act; that he "is not the owner of three hundred and twenty acres of land in any state or territory of the United States." This is not required of one who seeks to avail himself of the provisions of section eight of the homestead act.

Again, we have no doubt whatever that the benefits conferred by section eight, are not confined solely to persons making original entries upon public lands, but may be enjoyed also by the widow, heirs, and personal representatives respectively, whenever they succeed to the rights of the settler.

We entertain no doubt whatever that the action of the Land Department, in permitting Mrs. Ashby to prove up, pay for the land, and thus obtain a patent in her own name, was fully justified. For these reasons the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.