## DeBois vs. The State.

1. LIQUOR: *Sale of, near Judson University, can not be licensed.*
   The sale of liquors within two miles of Judson University, in White county, is regulated entirely by the act of twenty-seventh February, 1875, entitled "An act to prevent the sale of alcoholic spirits or vinous liquors within two miles of Judson University, White county;" and the county court can not license one to sell within that distance of the university.

APPEAL from *White* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Coody* for appellant..

*Henderson, Attorney General, contra.*

HARRISON, J.   J. D. DeBois was indicted, with C. L. McCauley, in the White circuit court, for selling liquor without license.

The indictment charged that they, on the fifteenth day of April, 1879, sold one quart of whisky to H. W. Shepard, without having procured a license to sell liquors.

DeBois was separately tried, by consent, by the court, upon an agreed statement of facts; and he was convicted and fined two hundred dollars.

He moved for a new trial, on the ground that the verdict was against the evidence; his motion was overruled, and he appealed.

By the agreement, the sale of the whisky by the defendant, and that he had no license, was admitted by him; and it was admitted by the state, that the sale was upon the prescription of a physician, and for a medical purpose only, and that it was within two miles of the site of Judson University, in White county.

The act of February 27, 1875, entitled "An act to prevent the sale of alcoholic spirits, or vinous liquor, within a distance of two miles of the site of Judson University, White county," prohibits the sale of alcoholic spirits and vinous liquors within two miles of the said university, except by a person exclusively engaged in the business of a druggist, and for sacramental or chemical purposes, or for medicinal purposes upon the prescription of a regular practitioner or graduate of medicine; for a violation of which act the offender is subject to a fine of not less than twenty-five, nor more than one hundred dollars.

The act of March 8, 1879, expressly declares, that it shall not repeal any special act regulating the sale of ardent, vinous or fermented liquors in any particular locality.

It is therefore clear, that it was not the intention of the legislature, that the county court might grant a license to sell within two miles of the university, and that the sale of liquors within that distance, is regulated entirely by the act of February 27, 1875 ; and although upon the evidence, it not being shown he was a druggist, the defendant, if indicted for it, might have been convicted for a violation of that act, he could not be upon the present indictment, which is under the act of March 8, 1879, and for a different offense.

A new trial should have been granted.

The judgment is reversed and the cause remanded.