McCauley & Co., v. Six, Adm'r., et al.

McCAULEY & Co., vs. SIX, ADM'R, ET AL.

1. DONATIONS: *Of lands by the State: Evidence of improvements.*
Donations of lands by the State are matters of grace, and the donee must comply with all the statutory conditions of the grant. But compliance in making the required improvements may be proved by parol. The certificate of a Justice of the Peace is not the exclusive evidence of it, nor is the filing of said certificate necessary to complete the donee's title, or to enable him to sell the land.

2. SAME: *Right of owner of improvement.*
To enable the owner of an improvement to defeat a donation for failure of the donee to pay for the improvement, it is not necessary that he made the improvement with a view to a future purchase of the land from the State. The statute does not regard his motive for making it.

APPEAL from *Independence* Circuit Court in Equity.

HON. R. H. POWELL, Circuit Judge.

*W. R. Coody,* for appellant.

I.    Six's title had become perfect by performance of the conditions recited in the deed, and appellant's rights had intervened, and no outside or parol conditions could effect it, *Digest Sec.* 3894-5.

1.    Rushing by remaining quiet until title perfected was estopped, 11 *Ark.,* 249; 4 *Ark.,* 425; *Washburn on Real Property.*

2.    That a State is governed by the same rules as individ-

McCauley & Co., v. Six, Adm'r., et at.

ual in regard to conditions subsequent; 7 *Belleman*, 48; 27 *Miss.*, 203; 21 *Ark.*, 440; 20 *Ark.*, 100; 1 *Ib.*, 337.

Nothing but the conditions in the deed can effect title under it; 53 *Maine*, 211; 43 *N. H.* 475; 26 *N. J.* (*S*) 13.

II. But if wrong in this, Rushing had no improvements on the land that would justify him in making the affidavit, or obtaining deed, which question under 31 *Ark.*, 528, we can contest; 24 *Ark.*, 38; *Ib.* 33; 2 *Pa. St.* 55;

Again Rushing abandoned his pretended improvements if he made any. 3 *S. & R.* (*Pa.*) 319; 22 *Ark.*, 499.

III. The decree admits by its recitals that there was no improvement, and places its decision upon other grounds which makes it error.

1. Because if Rushing had no improvements he had no rights; 11 A*rk.*, 444; 12 *Ib.* 382.

2. Because Six having failed to answer, appellants were entitled to judgment on their mortgage.

3. This is a contest for land and should have been revived in the name of the heirs; *Digest Sec.*

4. Because the statute requiring second proof to be made before J. P. of the Township is merely directory, no negative words. *Digest, sec.* 3895. And the auditor having passed upon the sufficiency of it, his decision is conclusive. 4 *Ark.*, 753; 12 *Ark.*, 15; 8 *Ark.*, 328.

5. Because the statute, *sec.* 3896, only requires certificate to be recorded with deed, where the party *should sell his right to the land.* This is only a mortgage—a security for the debt—and title in the mortgagor; 18 *Ark.*, 85 *and* 179.

*H. S. Coleman and Butler & Neill* for appellees.

Six did not perfect his donation as required by law. *Sec.* 3894, *Gantt's Digest.* But appropriated the improvement of Rushing.

The certificate of the justice residing in a different township was a nullity. Six's sale (by mortgage) before a *valid*

certificate of improvement, and in fact, before *any* certificate was filed under *sec.*.3896, *Dig.*, forfeited any right he may had in the land.

Rushing was the owner of a *bona fide* improvement of some value, on the land, and it is wholly immaterial what that value was in amount; *Simpson v. Robinson*, 37 *Ark.*, 138.

A donee is bound to pay or tender double the value of the improvement within three months; *Sec.* 3905 *Gantt's Digest.*

Appellants are not innocent purchasers, they took only such rights as Six had.

Rushing's deed is *prima facie* evidence of title, and the *onus* was on appellants; 31 *Ark.*, 536.

EAKIN, J.   This is the same case which was remanded by this Court for proper parties at the November term, 1879. 34 *Ark.* 381.   See that opinion for the pleadings and points presented thereby.   Proper parties were made, and the cause was heard upon the merits.   The complaint was dismissed for want of equity and complainants appeal.

The complainants, mortgagees under Six, stand in his shoes; and the contest is between Six and Rushing's representatives upon their respective deeds from the Auditor. The former claims under a statutory donation deed, and the latter claims under a deed executed to one whose improvement had been taken, and to whom no tender of the double value had been made within three months.

The first question arises upon the donation deed to Six. Was it originally valid?   It has been several times held by this court that these donations are matters of grace.   The donee is not required to pay any of the taxes for which the land was forfeited, and he must comply with all the statutory conditions of the grant, without any regard to their policy or necessity.   *Surginer Ad. v. Paddock et al*, 31 *Ark.*, 528; *Simpson v. Robinson*, 37 *Ark.*, 142.

1. Dona-
tion of lands
by the
State.

McCauley & Co., v. Six, Adm'r., et at.

By section 3895 Gantt's Digest, the donee is required, <span>Evidence of improvement.</span> after completing the improvements required by the conditions of the deed, to obtain from some Justice of the Peace residing *in the township* where such land is located, a certificate describing the land; that he had been personally on it within ten days; that the improvements were bona fide, and substantial, etc.  This certificate, attested by the Justice and filed in the Auditor's office, is made evidence that the donee has complied with the requirements of the conditions regarding improvements.

The certificate shown in this case is not that of a justice residing in the township of the land, but of one residing in another.  It was not, therefore, evidence of the fact that the improvements had been made.  But the statute does not make it exclusive evidence, nor make the filing of such certificate a condition subsequent, upon failure of which the deed becomes void.  The essential conditions to the validity of the deed were prescribed by section 3894 of Gantt't Digest.  They were that the donee should reside upon, improve and cultivate at least three acres; or without residence, should, within eighteen months, clear, or have cleared, fenced, improved and placed in readiness for cultivation at least five acres.  These were the expressed conditions upon failure of which it was provided that the land should revert to the State, and be again subject to sale or donation.  The certificate of the Justice was directed as evidential.  Without it the donee retained the burden of proving the matters aliunde, and incurred the risk of failure from loss of witnesses.  The evidence in this case shows that the proper improvements were in fact made in proper time.

By section 3896 the donee was prohibited from selling the land until the requirements as to improvements had been fulfilled, and should he sell at all it was directed that a copy of said certificate filed in the Auditor's office should be re-

corded with the conveyance. This concerned only the matter of recording, and the benefits to be derived from that, in preserving evidence of the improvements. The language of the act is not that all conveyances made without recording said certificates shall be void, but that " all conveyance of such right *before the land shall have been improved,* as required by this act, shall be void; and the lands shall revert to the State." If the lands have been, in due time, properly improved, and that be shown, a conveyance or mortgage of them would be good between the parties, unless the deed from the State had been annulled for some other cause, to be shown as matter of defense.

2. **Right of owner of improvement.** This leads to a consideration of the answer of Rushing, adopted by his heirs and administrator, which, in effect, is that at the time when the donation was made to Six, Rushing had upon the land a valuable and substantial improvement; that Six failed within three months to pay or tender him double the value of said improvements; that thereupon Rushing filed with the Auditor an affidavit of these facts, as required by law, and at the proper time was allowed to purchase from the State the land in controversy, by paying all arrearages of taxes charged upon it. A copy of the deed is exhibited.

The allegations of the answer are sustained by proof, which shows that Rushing, when the lands were donated, was the owner of a valuable improvement on the land. He was no less so because he had made it originally as an administrator, supposing it to be on land of the intestate; or because he made it for any other purpose. He had no right to make it as administrator, and the evidence shows that it was made upon his own credit or with his means. He was the owner.' The statute does not regard the motives which prompted the improvements.

The case of *Simpson v. Robinson,* which incidentally

McCauley & Co., v. Six, Adm'r., et al.,

touches this point, (37 *Ark.*, 132), was a case in equity decided upon its peculiar circumstances, and is not to be taken as declaring as a rule that the owner of an improvement, in order to defeat a donation claim, must show that he made it with reference to a future purchase from the State of the land upon which it is situated. There the contest was really about two tracts which had been forfeited at different times. Robinson claimed one of them under a purchase at a Chancery sale in favor of the State; holding that defined tract under a parol contract from the purchaser, and making improvements upon it. The lands having been returned as forfeited for taxes, before the Chancery sale, together with adjoining lands. Simpson obtained from the State Land Commissioner a donation which included Robinson's tract, and failed for three months to tender Robinson the double value of his improvements. The latter thereupon made a *premature* effort to purchase from the State for taxes, not only his own tract, but all. The Auditor's deed to Robinson was held void because it was premature, and it was remarked in passing that it would not have been equitable to have allowed him to use improvements, so made, to defeat a donation deed to an adjoining tract. The remark is to be confined to the peculiar equities of the case.

The improvements were upon his own land, held by superior title, and made for its enhancement in value. The decision of the Court did not involve the present question in any manner, as it was based upon the ground that the land of Robinson was not in fact subject to donation at all, inasmuch as all the right of the State had passed to the purchaser at the Chancery sale, and he himself took nothing by the Auditor's deed for taxes. He was left in possession of what he had, regardless of either, his title resting upon the superior lien of the State, to foreclose which the sale had been made in Chancery.

The act of January 11, 1851, in force when the transactions occurred, provided in Sec. 1 that any person obtaining a donation from the State of forfeited lands should, within three months from the date of his deed, pay to the owner of any improvement thereon, double its value, and should within thirty days thereafter file the receipt with the Auditor.    This Six did not do.

The statute proceeds to enact: that, if it be not done, such donee shall forfeit all right to the land, and the owner of the improvement, upon filing with the Auditor an affidavit that he owned an improvement on the land when it was donated, and that the donee has not made nor tendered the required payment, "shall be allowed to purchase said land, including his improvement, by paying all arrearages of taxes which may be charged thereon, in the same manner as if this land had never been donated, and the Auditor shall execute to such purchaser a deed," etc.

There is no question in this case but that the application to purchase had been made in apt time, and in a regular manner by Rushing, and that the deed had been made.

The evidence shows that he did own a valuable improvement on it when it was donated, and that being established, the original donation deed was forfeited by the failure of the donee to make payment and file the receipt within the prescribed time.

It is not necessary to discuss the extent of the rights of Rushing on said forfeiture.    Six had no title left whatever, and his mortgages cannot stand in better attitude than he would have done himself in a suit against Rushing for title. They knew that Six's only title rested upon a donation, and cannot complain if they are held to show that all the requirements of the statute have been fulfilled, or held to a forfeiture upon showing that they have not.

Affirmed.