McCRACKEN *v.* SISK.

Opinion delivered July 12, 1909.

1.  PUBLIC LANDS—DONATION.—No title can be acquired under the dona-
tion laws of the State until all of the requirements of the statute
have been fulfilled. (Page 455.)

2.  SAME—DONATION—TITLE OF DONEE.—A donee of land under the statute
cannot alienate or dispose of the land before he is entitled to a deed,
and no greater right is given him than that of possession. (Page 455.)

3.  SAME—DONATION—CONSTRUCTION OF STATUTE.—Under Kirby's Digest,
§ 4832, providing that "in case the donee should die before the
expiration of the time herein required to submit final proof of the
right to perfect, the same shall extend, first, to the widow of the
donee," etc., *held* that where a donee died before making final proof,

leaving a widow, she was entitled to make final proof and take title in her own right and as her individual property. (Page 457.)

Appeal from Clay Chancery Court, Western District; *Eugene Schoonover*, Special Chancellor; affirmed.

*F. G. Taylor* and *J. L. Taylor*, for appellant.

1. Kirby's Digest, § 4832, did not intend to, nor does it, change the law of inheritance. On the death of McCracken, his rights vested in his heirs. The widow had a homestead right, but held the fee as trustee for the heirs. Thompson on Homestead and Ex. §§ 170-1.

2. The widow cannot acquire title adverse to the heirs. 44 Ark. 504; 35 *Id.* 84; 47 *Id.* 287.

*G. B. Oliver*, for appellee.

1. The donation of lands is a matter of grace, and the donee cannot complain of the terms. 40 Ark. 246; 37 *Id.* 132; 31 *Id.* 528.

2. Kirby's Dig., § 4832, gives the widow the right to perfect the donation, thus changing the law of inheritance, as formerly provided by §§ 4254, 4256, *Ib.* See Rev. St. U. S. §§ 2291-2, 2296, and 76 N. W. 233; 122 Fed. 588; 43 Cal. 314; 5 Neb. 291; 11 Okla. 635; 76 N. W. 1017; 4 Pac. 867; 11 *Id.* 781; 147 U. S. 242; 70 Pac. 521; 38 *Id.* 1043.

FRAUENTHAL, J. The appellants, who were the plaintiffs below, instituted an ejectment suit against the defendant, A. P. Sisk, which was subsequently transferred without objection to the chancery court. The plaintiffs claim title to the land as collateral heirs of one George McCracken, deceased; and the defendant claimed title thereto under a deed executed by the State Land Commissioner to Celia Sisk, who was the widow of said George McCracken, and a conveyance by Celia Sisk to defendant. On February 24, 1888, an application was made to the Commissioner of State Lands for the donation of the land by George McCracken; and, after receiving a certificate of donation therefor, he, with his wife, Celia McCracken, established his residence thereon and remained in possession thereof until his death, which occurred in October, 1889. He died without issue, and without father living, and left surviving him his widow, the said Celia McCracken, and his

mother, Jane McCracken. The said Celia McCracken afterwards married defendant, A. P. Sisk. On June 6, 1891, having completed the necessary improvement and period of residence on said land and being the widow of said George McCracken, she submitted final proof under the donation laws of the State and received a deed from the State for the land. The deed was executed to Celia Sisk, widow of George McCracken. In 1899, the said Celia Sisk conveyed the land to defendant, and she died in 1900. In October, 1905, the mother of George McCracken died leaving the plaintiffs as her only heirs-at-law. The chancellor rendered a decree in favor of the defendant, and the plaintiffs prosecuted this appeal from that decree.

The question thus presented for determination is whether a donee under the donation laws of Arkansas has an inheritable interest in the land before he has completed the term of residence and other conditions required by the statute to entitle him to make final proof; or whether the right to the land under the donation law goes by designation of person in the statute, upon the death of the donee. Section 4832 of Kirby's Digest provides: "In case the donee should die before the expiration of the time herein required to submit final proof of the right to perfect, the same shall extend, first, to the widow of the donee, and, if she be dead, then to the children of such donee, and, should they be minors, their duly appointed guardian or administrator of the estate of the deceased donee may make such final proof for the benefit of such minor heirs, and, should there be neither widow nor children surviving such donee, such right shall in such case descend to the father of the donee, and, if he be dead, then to the mother of such donee; and, if she be dead, then to the brothers and sisters of the deceased donee, any adult of which shall be competent to make such final proof, and in the event of the death of the donee it shall not be necessary that residence on the land shall be maintained thereafter, but the cultivation of the land must be continuously maintained, and no donation shall be liable for any debt contracted by the donee prior to the execution of the deed therefor, nor shall any alienation of the same be binding against the title of the State."

By section 4815 of Kirby's Digest it is provided that the "donee shall actually reside upon the land for a period of three

years," and shall make certain improvements before he will be entitled to make final proof and to receive a deed to the land. So that in this case the donee died before the expiration of the time required to submit final proof.

The exact nature of the right which the donee has in the land when he dies prior to the performance by him of the requirements of the statute has never been directly announced by this court. But this court has uniformly held that no title can be acquired under the donation laws of the State until all the requirements of the statute have been fulfilled. In the case of *McCauley* v. *Six,* 40 Ark. 244, it is said: "It has been several times held by this court that these donations are matters of grace. The donee is not required to pay any taxes for which the land was forfeited, and he must comply with all the statutory conditions of the grant, without any regard to their policy or necessity." *Surginer* v. *Paddock,* 31 Ark. 528; *Simpson* v. *Robinson,* 37 Ark. 142.

The donee under the statute cannot alienate or in any way dispose of the land, and no greater right is given him by any express term of the statute than that of possession.

The provisions of the homestead law of the United States designating the persons who have the right to complete the requirements of the statute and to receive patent after the death of the homestead settler and prior to the expiration of the term required to entitle him to make final proof are in many respects similar to the above provision of our donation law in that particular.

Section 2291 of the Revised Statutes of the United States provides: "No certificate, however, shall be given or patent issued therefor until the expiration of five years from the date of such entry; and if at the expiration of such time, or any time within two years thereafter, the person making such entry; or, if he be dead, his widow; or, in case of her death, his heirs or devisees, * * * proves by two credible witnesses that he, she or they have resided upon or cultivated the same, * * * then in such case he, she or they * * * * * shall be entitled to a patent as in other cases privided by law."

And section 2296 of the Revised Statutes of the United States provides: "No land acquired under the provisions of

this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

In construing these provisions of the homestead law the Federal courts have held that a homestead settler has no devisable interest in the land until he has completed the term of residence required to entitle him to make final proof. And upon his death the right to complete such term and receive the patent passes to his widow.

In case of *McCune* v. *Essig,* 122 Fed. Rep. 588, the court said: "The estate granted to a homestead settler is granted on conditions precedent. These conditions are residence for the required time, cultivation and required proof. Until all of these conditions are complied with, the law gives him no more than the right to possession. It provides that, in case of his death before the completion of the conditions, his widow should have all the rights which he would have had. His right is extinguished by his death, and she, in virtue of the fact that she is his widow, is designated as the donee of the land. The statute provides for the rights of the children only in case of death of both father and mother before final proof."

This case was affirmed by the Supreme Court of the United States in *McCune* v. *Essig,* 199 U. S. 382.

In the case of *Hale* v. *Russell,* 101 U. S. 503, the court, in construing a donation act making a grant to the donee much stronger than our statute, said: "Until the settler was qualified to take, there was no actual grant of the land; and if such settler should die after residence thereon of less than the required period prescribed by the statute, he had no devisable interest therein."

In the case of *Bernier* v. *Bernier,* 72 Mich. 43, that court, in construing the above statute of the United States, said that it "does not treat the land as heritable, but makes the estate go by designation of person." That case was carried by appeal to the Supreme Court of the United States, and was affirmed in this particular. *Bernier* v. *Bernier,* 147 U. S. 246.

In the case of *Perry* v. *Ashby,* 5 Neb. 291, that court, in construing this provision of the homestead law, held that the widow, by completing the period of residence, "was entitled to

patent in her own right to the exclusion of the heirs of the settler."

In the case of *Gjerstadengen* v. *Van Duzen,* 7 N. Dak. 612, it is said: "Before a homesteader has earned a right to a patent he has no such interest in the land as will make it a part of his estate on his death. The patent thereafter issued to the persons specified in the Federal statute is issued to them, not as the heirs of the decedent who have inherited his title, but as original parties preferred by the statute." *Chapman* v. *Price,* 32 Kan. 446; *Jarvis* v. *Hoffman,* 43 Cal. 314.

There is a great analogy between the above provision of our donation law and the homestead law of the United States. The construction placed upon the above provision of the homestead law by the above decisions seems to us sound and reasonable; and we are of the opinion that the same construction should be given to the above provisions of our statute. The State has determined who shall be the beneficiary of its bounty under the donation laws. It has first named a qualified donee; and, after his death and before the requirements of the statute have been fulfilled, it then has named his widow as the person entitled to complete the requirements and to receive the title; not by any law of descent, but as an original party in her own right.

In the case at hand the donee died before the expiration of the time required by the statute to submit final proof of the right to a perfect donation. In that event the right to perfect the donation and submit final proof thereof was by the statute extended to the widow in her own right as an original donee, and to the exclusion of all children, if there had been any, and to the exclusion of all other persons. Upon making the final proof the widow was entitled to and did receive a deed to the land from the State in her own right and as her individual property, and which she could thereafter alienate as her separate estate.

It follows that the decree of the lower court is correct, and it is in all things affirmed.