### PEARSON *v.* GOODWYN.

#### Opinion delivered June 6, 1910.

PUBLIC LANDS—TITLE OF WIDOW OF DECEASED DONEE.—Where a donee of land forfeited for taxes died before the time to submit final proof, and his widow made final proof and took title in herself, under Kirby's Digest, § 4832, she became entitled in her own right, and the property at her death would descend to her heirs.

Appeal from Lee Chancery Court; *C. F. Greenlee,* Special Chancellor; affirmed.

*Daggett & Daggett,* for appellant.

Citing 87 Ark. 490; 15 Ark. 555; Kirby's Dig., § 4832; 76 Ark. 443.

*H. F. Roleson,* for appellee.

The judgment should be affirmed. Kirby's Dig., § 4832; 121 S. W. 725.

*Daggett & Daggett,* in reply.

Title to the soil does not vest in the settler before the conditions have been fully performed. 101 U. S. 503.

BATTLE, J. On the 24th day of June, 1892, the State of Arkansas donated to James P. Pearson certain lands. On the 27th day of July, 1895, he died intestate, leaving Francis Pearson, his widow, and Sherman Pearson, his only heir, him surviving. On the 30th day of July, 1895, his widow made proof of the performance of the conditions of the donation as required by the statutes, and the Commissioner of State Lands conveyed the land to her. She married William Goodwyn, and died intestate on the 23d day of February, 1898, leaving Sherman Pearson and Joe Goodwyn her only heirs surviving her.

The only question in the case presented to us for decision is, was the widow intitled to the lands donated on the death of her husband? The circuit court decided that she was.

Section 4832 of Kirby's Digest provides: "In case the donee should die before the time herein required to submit final proof of the right to perfect, the same shall extend first to the widow of the donee, and, if she is dead, then to the children of such donee, and, should they be minors, their duly appointed guardian or administrator of the estate of the deceased donee may make such final proof for the benefit of such minor heirs, and, should there be neither widow nor children surviving such donee, such right shall in such case descend to the father of the donee, and, if he be dead, then to the mother of such donee; and, if she be dead, then to the brothers and sisters of the deceased donee, any adult of which shall be competent to make final proof," etc.

Section 4819 provides that the proof required by law shall be filed in the office of the Commissioner of State Lands within sixty days from the expiration of three years from the date of actual settlement. Within that time and after the death of the donee his widow made the final proof in this case and was entitled to a deed to the land from the State in her own right and as her individual property. *McCracken* v. *Sisk,* 91 Ark. 452.

Judgment affirmed.