YOUNG *v.* PUMPHREY.

4-3894

Opinion delivered June 10, 1935.

*Nelson & Nelson,* for appellants.

*Taylor & Taylor,* for appellee.

BAKER, J. This was an action filed by Olive M. Pumphrey against Clint Young and Jess Harris in the Osceola District of Mississippi County to recover possession of the north half of the northeast quarter of section 21, township 13 north, range 8 east. Plaintiff set out her muniments of title, alleged that the defendants were in the unlawful possession of the land, prayed for possession and rents.

The defendants admitted that they were in possession of the said land, and pleaded that the land had forfeited for the nonpayment of taxes for the year of 1928, that it had been duly certified to the State, and that the Commissioner of State Lands had issued a donation certificate on April 15, 1932, and that they were holding under said donation certificate, and had placed on the property improvements that enhanced the value in the sum of $2,000.

The venue was changed to the Chickasawba District for trial. Judgment was rendered on the first day of February, 1935, at the regular term of circuit court by the court sitting as a jury. The court made certain findings of fact and declarations of law, rendered judgment thereon in favor of the plaintiff for the possession of the lands and a recovery of $210 for rents, sustained an attachment under which cotton had been seized, ordered sale thereof, and directed the issuance of writ

of possession to restore the lands to the plaintiff. The appeal is from this judgment.

No bill of exceptions was filed on this appeal. It will be observed therefore that the judgment will be tested according to the findings of fact made by the trial court and the conclusions of law based thereon, as set out in the judgment.

Such findings of fact as were made and set forth in the said judgment must be regarded by us as justified by whatever record was made at the trial. The relevant facts are to the effect that the State Land Commissioner on April 15, 1932, issued to H. P. Young a donation certificate covering the lands in issue as forfeited to the State for nonpayment of the State and county taxes for the year of 1928. Young never had taken possession or in any manner attempted to perfect his donation, did not move upon the land, did not make any kind of improvements as required by §§ 6676 and 6677 of Crawford & Moses' Digest. Young did attempt to assign or transfer the donation certificate to defendants Clint Young and Jess Harris.

The court further found that improvements were made upon the land of a value in excess of the rents, but found these improvements were made by Mitchell Smith, Clint Young and Jess Harris, after the issuance of the donation certificate to H. P. Young.

The court found further that Olive M. Pumphrey complied with the provisions of act No. 2 of the Second Extraordinary Session of the 49th General Assembly in 1934, which act was approved January 8, 1934, and in accordance therewith redeemed her property from the tax sale. That Clint Young and Jess Harris owed rents in the sum of $210.

The court declared that the donation certificate issued by the State Land Commissioner to H. P. Young was not assignable, and that the effort of H. P. Young or the attempt made by him to assign the certificate or transfer whatever interest he had in the land by reason thereof was ineffectual. That Clint Young and Jess Harris took no interest in the land, and were therefore.

without the right of possession. We think the court was correct.

Section 6673 of Crawford & Moses' Digest provides: "Any person wishing to obtain such donation shall apply therefor to the Commissioner of State Lands, Highways and Improvements, and at the same time shall file in the office of said Commissioner his or her affidavit stating that he or she possesses the qualifications required by § 6671, and that the land applied for is for the purpose of actual settlement, occupancy, and cultivation by said applicant for his or her own exclusive benefit, and not directly or indirectly for the benefit or use of any other person or persons whomsoever; and that he or she had not heretofore had the benefit of any donation law of the State."

Reference to § 6671, *et seq.,* of Crawford & Moses' Digest, prescribing the qualifications of the applicant for a donation, is convincing that it is the policy of the State to grant these certificates of donation, not to every one who might apply, but to those only who are within the provisions and requirements of the law.

A donation certificate cannot be used for speculative purposes, and rights granted by it are personal, pertaining only to the individual to whom it is issued. It is not even color of title to the land. Section 6671 *et seq.,* Crawford & Moses' Digest; *McCracken* v. *Sisk,* 91 Ark. 452, 121 S. W. 725. The attempted transfer or alienation is prohibited and void. *Champion* v. *Williams,* 165 Ark. 328, 264 S. W. 972.

It perhaps may be safely said that the certificate of donation is a permit or right granted to the certificate holder to enter upon the land belonging to the State in order to make the improvements required by law. Such entry is not a trespass. *McCracken* v. *Sisk, supra.* To hold otherwise, that is to the effect that the donation certificate amounts to a grant of interest in the land which is assignable or transferable, would be tantamount to a decision that the certificate holder could select other donees and deliver possession to those not possessing the qualifications to obtain certificates in the first instance, and who are not willing to comply with the re-

quirements of the law incumbent upon those who seek to donate State lands.

It must, on account thereof, be held that Clint Young and Jess Harris entered upon the lands without right. Their possession was illegal, that they were in fact and in law trespassers. The conclusion must be that the betterment statute, § 3703, *et seq.*, cannot avail the defendants in a recovery for any improvements that may have been made upon the property.

Section 10,120 of Crawford & Moses' Digest is not applicable to give relief, but would be if the certificate of donation had been issued to the defendants herein, for such improvements made by them subsequent to two years after sale and prior to appellee's redemption. Since Young and Harris did not enter upon the land under any certificate of donation issued to them at any time, or deed from the Commissioner, they cannot recover under the rule laid down in *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241; *Beloate* v. *State,* 187 Ark. 17, 58 S. W. (2d) 423, and *Wilkins* v. *Maggard,* 190 Ark. 532, 79 S. W. (2d) 1003.

Whatever may be the value of the improvements or enhanced value of the property by reason thereof, the appellants cannot recover even to defeat the collection of rents.

Judgment of the circuit court was correct. It is affirmed.