ROBERT L. CROUCH ET AL *v.* JOHN CROUCH ET AL

5-4024                                                         408 S. W. 2d 495

Opinion delivered November 21, 1966

*Kirsch, Cathey & Brown,* for appellant.

448

*Rhine & Rhine,* for appellee.

PAUL WARD, Justice. This litigation is between the heirs of W. M. Crouch, deceased, over certain lands, involving also certain grantees of two of said heirs. There appears to be no dispute over the pertinent facts, the only question for determination being one of law.

*Facts.* W. M. Crouch, a widower, procured a Donation Certificate in 1932 from the State for 160 acres of land. He made some improvements on the land but died in 1933 before a donation deed was made by the State. However, the donation undertaken was completed in 1935, and the State executed a deed conveying the land to ''W. M. Crouch Estate''. W. M. Crouch left seven children, one having since died leaving six children.

In 1958 the lands forfeited for taxes. At the tax sale one of the sons (John) bought the north eighty acres for $13.97, and another son (Adolph) bought the south eighty acres for $11.40. Each one received a tax deed. Later these two sons conveyed the 160 acres to Harold J. Conrad and his wife.

*Suit filed.* On or about March 16, 1965 the heirs of the deceased (except, of course, John and Adolph) filed a complaint in chancery court against John and Adolph and their grantee, seeking a 5/7 interest in said lands and asking that the lands be sold (if they cannot be divided) and the proceeds divided among the several parties as their interests appeared.

After a trial, the court made, in essence, the following findings: (a) The plaintiffs are not barred by laches or adverse possession; (b) the heirs of the deceased received no interest in the said lands by reason of the donation deed because said deed was void, having been made to ''W. M. Crouch Estate''. Accordingly the complaint was dismissed, and title to the land was quieted in Harold J. Conrad and his wife.

From the above decree appellants now prosecute this appeal for a reversal.

The decisive issue involved is whether the deed from the State to the "W. M. Crouch Estate" conveyed the 160 acres of land to the heirs of said W. M. Crouch, there being no dispute as to who the heirs are.

It is the contention of appellees that every valid deed must have a grantee, and that the words "W. M. Crouch Estate" do not constitute a "grantee" as contemplated by law, citing authorities which we deem it unnecessary to discuss in view of the conclusion we hereafter reach.

We think the deed in question was valid for the following reasons. Ark. Stat. Ann. § 10-929 (Repl. 1956), in pertinent part, reads:

"In case the donee should die before the expiration of the time herein required to submit final proof of the right to perfect, the same shall extend, first to the widow of the donee, and if she be dead, then to the children of such donee . . . ."

In the early case of *McCracken* v. *Sisk*, 91 Ark. 452 (p. 457), 121 S. W. 725, the facts were very much the same as here, and the Court said:

"In the case at hand the donee died before the expiration of the time required by the statute to submit final proof of the right to a perfect donation. In that event the right to perfect the donation and submit final proof thereof was by the statute extended to the widow in her own right as an original donee, and to the exclusion of all children, if there had been any, and to the exclusion of all other persons. Upon making the final proof the widow was entitled to and did receive a deed to the land from the State in her own right and as her individual property, and which she could thereafter alienate as her separate estate."

In the case under consideration it is not disputed that the State deeded the land as heretofore stated, and we will presume, in the absence of proof to the contrary, that all necessary prerequisites had been complied with by the heirs.

We are not convinced by appellees' contention the deed was void because there was no legal grantee. In 23 Am. Jur. 2d., *Deeds,* § 50, we find this statement:

"... In short, where the instrument refers to someone in such terms that there is no doubt that he is the grantee, the deed will be effective although his name is not specifically stated as being the grantee.

"To pass title to the grantee intended, a deed need not describe him by name if it otherwise identifies him or makes him susceptible of identification by extrinsic evidence."

The case of *Black* v. *Brown,* 129 Ark. 270, 195 S. W. 673, is also very much in point here to reverse the holding that the deed was void for lack of a proper grantee. The case deals with the legality of a tax deed made by the county clerk to "P. M. Black Estate". In holding the grantee was sufficient the court, among other things, said:

"P. M. Black being dead at the time of the execution of the deed, his heirs were known with certainty and there could be no two parties claiming adversely as grantees under the deed. We are of the opinion that the validity of the deed should be upheld . . . ."

In the case under consideration here there is no dispute about who constituted the heirs of W. M. Crouch. It is certain that one of the appellees thought the deed was valid because he moved on the land and made improvements thereon.

We are not here holding that in all circumstances a deed to a person's estate is valid, but do hold it is valid in this instance.

There appears to be no contention (nor could there be any valid contention) that John and Adolph Crouch acquired title to the land by virtue of the 1958-1959 tax deeds. Being co-tenants with the other heirs, the purchases amounted only to a redemption for all the heirs. In *Jones, Ark. Titles,* § 200 there appears this statement:

> "Purchase by one co-tenant at a tax sale amounts merely to a redemption, and neither such tenant nor his grantee can acquire title through such purchase. . . ."

The above stated rule has been approved many times by this Court. See: *Zachery* v. *Warmack,* 213 Ark. 808, 212 S. W. 2d 706, and *Spikes* v. *Beloate,* 206 Ark. 344, 175 S. W. 2d 579.

In view of what we have said above, the decree of the trial court is reversed, and the cause is remanded for any further necessary orders or proceedings consistent with this opinion.

Reversed.