ROBERT L. CROUCH, ET AL v. JOHN CROUCH, ET AL

4573                                          431 S.W. 2d 261

Supplemental Opinion on Denial of Rehearing Delivered September 9, 1968

*Kirsch, Cathey & Brown,* for appellants.

*Rhine & Rhine,* for appellees.

Carleton Harris, Chief Justice.    Appellants complain that this court has not made clear the finding on the primary issue which, so they state, is whether they have the right to receive the fair value of their lands in the uncleared state before any award is made to appellees based upon added value to the lands by reason of the clearing of same.

The trial court held in the amended decree of August 2 that the value of the lands in their uncleared state was $150.00 per acre, or a total of $24,000.00 (this had also been the finding in the April decree).    Appellants argue that this figure has now been established, and cannot be changed because (it is argued) if the amount was erroneous, the appellees led the court into the error.

The record reflects that a witness for appellants was asked whether he had an opinion as to the fair market value of the property in April, 1967.    The witness first answered that, in its uncleared state, he considered the lands worth "$75.00 to $100.00 an acre." Counsel for appellees then stated:

> "May it please the court, I believe if I understood Your Honor right, you said you were accepting the value we had established earlier of $150.00 per acre before clearing."

The court responded:

> "I agree with you on that.    The only thing the Court is here today to hear is the value of the

land now or as of April of 1967, when the mandate was filed. The value of the land as it exists now.''

It is thus apparent that the court had previously stated that it would only hear evidence relative to the value of the land as of April, 1967, and the remark of counsel for appellees does not seem to have led the court into that finding. We have reversed this decree, and in doing so, indicated that we were of the opinion that the values established by the Chancellor were erroneous.

We do not consider the $24,000.00 value previously given the land in its uncleared state to be binding, though there is nothing, of course, to prevent the Chancellor from making this same finding again. Actually, it does not appear that appellees are really objecting to this finding, the principal question being, ''Who is entitled to priority?''

We think the statute, Ark. Stat. Ann. § 34-1423 (Repl. 1962), makes clear that appellees are entitled, subject to the limitations set forth in this opinion, to the paramount right to be paid the value of the improvements made (insofar as the value of the land was enhanced), and the amount of taxes which may have been paid. Of course, one is not permitted to ''improve one out of his land,'' and our holdings make clear that this cannot be done.

It may be that the clearing added nothing to the value of the land, in which case there could be no recovery for improvements. In *McDonald* v. *Rankin, supra,* after pointing out that the value of the improvements is determined at the time of the recovery, and that the value is based upon the enhanced value which the improvements at the time of the recovery impart to the land, we added:

''*** The value of the improvements should not exceed the cost of making them or replacing

them at the time of the recovery and in the condition in which they are at that time."

It is so ordered.