JOHN CROUCH ET AL *v.* ROBERT L. CROUCH ET AL

5-5742                                                  476 S.W. 2d 248

Opinion delivered February 21, 1972

*Rhine & Rhine,* for appellants.

*Kirsch, Cathey, Brown & Goodwin,* for appellees.

J. FRED JONES, Justice. This is an appeal by Harold J. Conrad and his wife from a decree of the Greene County Chancery Court wherein they question the distribution of the proceeds from the sale of lands purchased by them at a partition sale. We have previously considered this case on two appeals and one rehearing, so for a detailed factual background see *Crouch* v. *Crouch,* 241 Ark. 447, 408 S. W. 2d 495; *Crouch* v. *Crouch,* 244 Ark. 823, 431 S. W. 2d 261, and *Crouch* v. *Crouch,* 245 Ark. 67, 431 S. W. 2d 261.

The seven heirs of W. M. Crouch owned 160 acres of land in Greene County as tenants in common. Two of the heirs owning an undivided 1/7 interest each, sold

all the lands to the Conrads who went into peaceable possession under color of title, and believing themselves to be the owners of all the lands, the Conrads peaceably improved all of it by clearing away the trees and brush and placing it in a state of cultivation. The remaining five Crouch heirs commenced this action by filing their petition in the Greene County Chancery Court asserting their 5/7 undivided interests and praying for a partition of the lands. They alleged that the lands were not susceptible to division in kind and they prayed that the lands be sold and the proceeds divided. They recognized the Conrads' undivided 2/7 interest in the lands.

After several hearings in the matter the chancellor found that the Crouches own a 5/7 undivided interest in the lands and that the Conrads own an undivided 2/7 interest as an estate by the entirety. The chancellor found that the value of the lands prior to improvements was $20,000; that its value after the improvements was $32,000, leaving $12,000 as the value of the improvements made by the Conrads. The chancellor further found that the Conrads are accountable for rents received by them on all the lands in the amount of $7,156.74 less taxes paid by them in the amount of $771.77, leaving a balance of the income in the amount of $6,384.97 and that 5/7 of this sum in the net amount of $4,560.69 belongs to the Crouches. After finding that the lands were not susceptible to division in kind, the chancellor ordered their sale. The lands were sold at public sale and the Conrads purchased for the highest and best bid of $28,100.

In considering the accounting for purposes of distribution, the chancellor apparently reasoned that since the Conrads had purchased all the property at the partition sale, they were not entitled to recover for the improvements they had made on their own 2/7 fee interest in the land. So the chancellor deducted from the $12,000 value of the improvements 2/7 of that sum in the amount of $3,428, and arrived at the sum of $8,572 as 5/7 of the value of the improvements recoverable by the Conrads before adjustments for rents and taxes. The chancellor then found that by deducting from this sum the amount of $4,560.69 (representing 5/7 of the rents less

taxes due the Crouches) there remained the sum of $4,011.31 due the Conrads for their clearing improvements and to which they were entitled to credit on the purchase price of the property. The chancellor then decreed that the proceeds from the sale be distributed as follows:

> "1. First, to the payment of the costs in this court including an attorneys' fee of $1,500.00 as allowed to Kirsch, Cathey, Brown and Goodwin, attorneys herein with respect to the partition aspects of this litigation and including the 1970 state and county taxes.

> 2. The next $20,000.00 shall be divided among the plaintiffs (who collectively own a 5/7th interest) and the defendants, Harold J. Conrad and Blanche Conrad, his wife, (who own an undivided 2/7th interest therein as tenants by the entirety).

> 3. Out of the balance, next will be paid the net improvements due the Conrads to the extent of $4,011.31 as hereinabove provided in Paragraph 8 of this decree.

> 4. Any balance remaining from the proceeds of the sale after the payment of the items as hereinabove provided for shall be pro-rated among the owners of the land according to the ratio of their ownership/interest therein, i. e., 5/7th to plaintiffs and 2/7ths to the Conrads."

The decree then provided for the adjustment of current rent and taxes and retention of jurisdiction for further orders relating thereto.

Under their designated points for reversal, the Conrads contend that the chancellor erred in the above order of distribution and erred in making proper application of Ark. Stat. Ann. § 34-1423 (Repl. 1962) requiring an accounting of taxes by the successful party under our betterment statutes. As to the first item of distribution as made by the chancellor, this case originated in the

form of a partition suit and it has maintained that status throughout the lengthy litigation. It appears that there was little, if any, controversy as to whether the lands should have been partitioned, or that they should have been sold in order to effect a partition, so we conclude that the chancellor did not err in awarding the attorneys' fee and assessing it as cost. (Ark. Stat. Ann. § 34-1823 [Repl. 1962]). Consequently, out of the proceeds of the sale in this case we find no error in first deducting the court costs and attorneys' fee from the proceeds.

As to the next item of distribution, we held in our supplemental opinion, 245 Ark. 67, *supra,* that the Conrads were entitled to the "paramount right to be paid the value of the improvements made . . ." so we hold that the chancellor erred in not giving that item priority as the next item of distribution. We can see no logical reason for distributing $20,000 as a separate item at all.

We now consider the third item of distribution and in doing so, we dispose of the fourth. Time does not permit us to analyze and answer all the facets of the arguments advanced by the Conrads in their brief, but their arguments boil down to the contention that under the betterment statute they should first be paid $12,000 from the sale price of $28,100 before any other distribution or adjustment is made. The so-called "betterment statute" Ark. Stat. Ann. § 34-1423 (Repl. 1962) is as follows:

> "Recovery for improvements and taxes paid on land of another.—In any person, believing himself to be the owner, either in law or equity, under color of title, has peaceably improved, or shall peaceably improve any land which upon judicial investigation shall be decided to belong to another, the value of the improvement made as aforesaid and the amount of all taxes which may have been paid on said land by such person, and those under whom he claims, shall be paid by the successful party to such occupant, or the person under whom or from whom he entered and holds, before the court rendering judgment in such proceedings shall cause possession to be delivered to such successful party."

Perhaps there would be some validity to the Conrads' argument that they should have first been paid $12,000 in cash out of the proceeds from the sale of the property had this been a simple ejectment suit where the occupant received no rents and profits to be offset against taxes paid. We find that the chancellor did err, however, in awarding the betterments to the Conrads but not to the extent urged by the Conrads.

The chancellor in his decree recognized the fact that the Conrads owned 2/7 interest in the lands and that 2/7 of the improvements they made on the lands applied to their own 2/7 interest in the lands. As already stated, the chancellor apparently reasoned that since 2/7 of the improvements applied to the Conrads' own 2/7 interest in the lands, they should not be permitted to charge the Crouches with this portion of the improvement value, it is in this, we conclude, that the chancellor erred.

Now if the partition of the lands had been in kind, the chancellor would have been correct in his calculation. In that event, the Conrads would have taken their 2/7 part of the lands with its part of the improvements thereon and would have been entitled to receive from the Crouches only 5/7 of the full value of the improvements amounting to $8,571.43, but this is not what happened. All of the lands were sold publicly at a partition sale and the Conrads bid like everyone else and were the successful bidders in the purchase of all the lands in their improved condition. If someone else had purchased the lands, there is no question that the Conrads would have been entitled to the full value of their improvements in the amount of $12,000 out of the proceeds of the sale, subject to adjustment on income and taxes. We have no way of knowing whether the Conrads bid more or less for the lands because of their 2/7 interest in it but that is immaterial to the point involved. The sale in this case was a *public* partition *sale* and the Conrads, as the highest and best bidders, stood in the same position as strangers to the title when they purchased the property at the partition sale. This does not mean that the Conrads lose the value of their improve-

ments on their 2/7 interest in the lands, for they recoup their value on their 2/7 interest when they receive their 2/7 interest in the proceeds from the sale of all the lands in their improved condition.

On trial de novo we do not disturb the chancellor's decree as to first paying the costs and the $1,500 attorneys' fee out of the proceeds from the sale. Next should be paid to the Conrads $5,615.03 which represents the $12,000 for their improvements less the $6,384.97 they owe in rents less taxes. The remainder of the proceeds from the sale should then be paid to the parties according to their respective interests in the lands. Any income received and taxes paid and not already accounted for should be adjusted according to the interests of the parties.

The decree is reversed and this cause is remanded for the entry of a decree consistent with this opinion.

Reversed and remanded.