Mr. Robert Ryall, Chairman Lincoln County Board of Election Commissioners c/o Virginia B. Adcox Lincoln County Clerk Lincoln County Courthouse Star City, AR 71667
Dear Mr. Ryall:
This is in response to your request for an opinion regarding the casting of certain absentee ballots at the November 8, 1994, general election. You have asked whether the Board of Election Commissioners should have counted the absentee ballots that were not in the small unmarked white envelope.
It appears from the information supplied that a complaint was made concerning the manner in which the absentee ballots were cast, i.e., the ballot was in the large envelope, rather than the small envelope.[1] It is my opinion, based upon the facts as I understand them, that the board would likely be justified in this instance in refusing to count the questioned ballots.
The directions for marking and returning absentee ballots are outlined in A.C.A. § 7-5-412, wherein it states in relevant part as follows:
 Upon receiving the blank ballot, statement, and envelopes, whether in the office of the county clerk or elsewhere, the voter shall mark the ballot, tear off the lower one inch (1") stub end, and place the ballot in the small unmarked envelope. He shall then seal the small envelope containing the ballot and place it with his statement, duly executed, and the one inch (1") ballot stub, in the large envelope.
A.C.A. § 7-5-412(a) (Repl. 1993).
Reference must also be made to A.C.A. § 7-5-416 (Repl. 1993) with respect to processing absentee ballots. Subsection (b) states:
 The opening, counting, and canvassing shall be conducted as follows:
 (1) One (1) of the judges shall open large envelopes one-by-one, and as soon as he opens one (1), he shall read aloud from the statement in the larger envelope the name of the voter and the voting precinct in which the voter claims to be a legal voter;
 (2) As each large envelope is opened and the name of the voter is read, the clerks for the absentee box shall list in duplicate the name and voting precinct of the voter and shall write on the stub end of the ballot taken from the large envelope the number of the voter taken from this list of voters;
 (3) If no challenge is made and the statement is in proper form, the judge shall, without opening the small envelope containing the ballot, remove the small envelope and place it is the ballot box without marking it in any way.
 (4) The one inch (1") ballot stub ends shall be placed in a separate ballot box designated for them and retained as are other ballot stub ends;
 (5) After all of the large envelopes have been opened and a list has been made in duplicate of the name and voting precinct of the voters, as required herein, the judges and clerks of the absentee box shall preserve all the statements of voters and deliver them to the county clerk who shall file and keep them for six (6) months after the election, and the statements shall be made available for public inspection during regular business hours;
 (6) When all of the small envelopes containing the ballots have been placed in the ballot box and the one inch (1") stub ends have been deposited in a separate box, the ballot box shall be shaken thoroughly so as to mix the ballots.
Subsection (d) of § 7-5-416 then states:
 It is the intent of this section to permit the judges and clerks for absentee ballots to meet and open the large envelope and make a list in duplicate of the name and voting precinct of each voter casting an absentee ballot, to write on the stub end of the ballot taken from the large envelope the number of the voter taken from the list of voters, and to deposit the small envelope containing the ballot in the ballot box and to deposit the one inch (1") ballot stub ends in another ballot box, prior to the closing of the polls on election day.
It is thus clear that the absentee ballot is to be placed in the small unmarked white envelope, which is then sealed by the voter. During the processing of absentee ballots, the small envelopes are not opened but are placed, unmarked, in the ballot box by the election judges. The purpose of this process seems clear: the ballots are not handled prior to counting, thereby assuring their protection. This concern is also reflected in A.C.A. § 7-5-410
(Repl. 1993), wherein provision is made for the voter's notation of the adhesion of balloting materials. The legislature was obviously concerned that the materials remain separate, and thus also required that the envelopes have "a gummed flap separated by waxed paper or other appropriate protective insert from the remaining balloting materials." A.C.A. § 7-5-409(b).
The fact that the ballots in question in this instance were not in the small envelope thus leads to the conclusion that they were not cast in accordance with § 7-5-412. You have not indicated or suggested any wrongdoing or failure on the part of any election official. I assume that when the large envelopes were opened, in accordance with § 7-5-416(b), supra, these ballots were not sealed in the small envelope and thus were exposed. It must be noted in this regard that according to the Arkansas Supreme Court, there must be "strict compliance" with statutory provisions governing absentee voting. See Bingamin v. City ofEureka Springs, 241 Ark. 447, 408 S.W.2d 607 (1966) and Martinv. Hefley, 259 Ark. 484, 533 S.W.2d 521 (1976). My research indicates, moreover, that while a board of election commissioners has no authority, without a hearing, to disfranchise an elector who has cast a ballot that is regular on its face, irregular ballots are properly excluded. See Dotson v. Ritchie,211 Ark. 789, 793, 202 S.W.2d 604 (1947). According to Dotson,
election commissioners may pass upon regularity from the face of the ballot. 211 Ark. at 794.
Although there appear to be no cases directly on point, it is my opinion that a voter's failure to seal the absentee ballot in the small envelope would in all likelihood render that ballot irregular upon a challenge. The election commission would therefore, in my opinion, likely be justified in refusing to count such a ballot in that instance. While all of the particular facts and circumstances would, of course, have to be considered, I believe that an election challenge would probably be resolved in favor of one who challenged such votes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Arkansas Code Annotated § 7-5-409 sets forth the materials to be furnished to applicants for absentee ballots, and states that applicants shall receive an official ballot, a small unmarked white envelope with a protected gummed flap, a large envelope with a protected gummed flap and upon which is printed the county clerk's address, and a blank statement in the form as provided. A.C.A. § 7-5-409(b) (Repl. 1993).